# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

CHICAGO TRUCK DRIVERS, HELPERS )
AND WAREHOUSE WORKERS UNION )
(INDEPENDENT) PENSION FUND, )
and JACK STEWART, Trustee, )
)
      Plaintiffs, )   No. 06 C 5981
)
v. )   Judge John W. Darrah
)
ACME MOTOR FREIGHT SERVICE, INC., )
a dissolved Illinois corporation, )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs – Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund, and Jack Stewart, Trustee (collectively, "the Fund") – filed suit against Defendant, Acme Motor Freight Service, Inc., to collect withdrawal liability pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* Presently before the Court is the Fund's Motion for Summary Judgment.

Acme's filed response states that it will not file any opposition to the Fund's Motion for Summary Judgment. Therefore, all material facts averred by the Fund are deemed admitted. *See Oates v. Discovery Zone*, 116 F.3d 1161, 1167 (7th Cir. 1997); L.R. 56.1(b)(3)(B). However, the Fund's Motion for Summary Judgment will only be granted if it can demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

The Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. § 1002(37) and 1301(a)(3). (Pl.'s 56.1(a)(3) Statement ¶ 5). Jack Stewart is a Trustee and fiduciary of the Fund, as defined in ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). (Id., ¶ 6). The Fund's Board of Trustees is the "plan sponsor" within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10). (Id., ¶ 7). Acme was an Illinois corporation that was voluntarily dissolved on August 1, 2006. (Id., ¶ 10).

Acme was subject to collective bargaining agreements ("CBAs") executed between itself and the Fund, under which Acme was required to contribute to the Fund on behalf of employees who performed work covered by CBAs. (Pl.'s 56.1(a)(3) Statement ¶ 11). On or about February 28, 2005, Acme permanently ceased to have an obligation to contribute to the Fund or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Fund as defined in ERISA § 4203, 29 U.S.C. § 1383. (Id., ¶ 12). With the complete withdrawal, Acme incurred withdrawal liability to the Fund in the amount of $774,169.00, as determined under ERISA § 4201(b), 29 U.S.C. § 1381(b). (Id., ¶ 13).

On November 21, 2005, the Fund issued a notice and demand for payment of withdrawal liability to Acme in accordance with ERISA §§ 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1). (Pl.'s 56.1(a)(3) Statement ¶ 14). The notice and attached payment schedule advised Acme that it was required to discharge its withdrawal liability in either a lump sum or in 38 quarterly installments of $27,320.50, commencing on January 1, 2006. (Id., ¶ 14). No later than December 1, 2005, Acme received the Fund's November 21, 2005 notice and demand for payment. (Id., ¶ 15). Acme did not make the withdrawal liability payment to the Fund that was due by January 1, 2006. (Id., ¶ 16). On January 17, 2006, the Fund issued a notice to Acme,

pursuant to ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A), informing Acme that its withdrawal liability payment due January 1, 2006 was past due. (Id., ¶ 17). No later than February 1, 2006, Acme received the Fund's January 17, 2006 past-due letter. (Id., ¶ 18). Acme did not make any withdrawal liability payments to the Fund prior to April 3, 2006. (Id., ¶ 19).

Prior to February 5, 2007, Acme did not request a review of the Fund's withdrawal liability assessment, as required by ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A). (Pl.'s 56.1(a)(3) Statement ¶ 20). Nor did Acme, at any time prior to February 5, 2007, initiate arbitration regarding the Fund's withdrawal liability assessment, as required by ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1). (Id., ¶ 21). Acme has not made any withdrawal liability payments to the Fund. (Id., ¶ 22).

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

The Fund argues that Acme was notified of the Fund's demand for payment of withdrawal liability and that Acme waived all challenges to the withdrawal liability assessment

3

by failing to timely request a review or to timely initiate arbitration of the Fund's withdrawal liability assessment. As a result, the amounts demanded from Acme are now due and owing. Additionally, because Acme has failed to make any payments to the Fund, Acme is in default, as defined by ERISA § 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A); and, thus, the full amount of the assessment is accelerated and immediately due and owing, together with interest, statutory liquidated damages, and attorney's fees and costs.

Under ERISA and the MPPAA, an employer that ceases to contribute to a multiemployer pension plan is still liable for its share of vested, unfunded benefits. ERISA § 4201(a), 29 U.S.C. § 1381(a). Withdrawal liability is calculated as the employer's proportionate share of the plan's unfunded vested benefits, which constitutes the difference between the present value of the vested benefits and the current value of the plan's assets. *Connolly v. Pension Board Guaranty Corp.*, 475 U.S. 211, 217 (1986). This rule of liability protects other employers in the plan from having to pay for those benefits.

When an employer ceases to contribute to the plan, the pension fund must first "determine the amount of withdrawal liability owed by the withdrawing employer, 29 U.S.C. §§ 1382, 1391, and send the employer a notice and demand for payment for that amount, [ERISA § 4219(b)(1),] 29 U.S.C. § 1399(b)(1)." *Central States, Southeast and Southwest Areas Pension Fund v. Bomar National, Inc.*, 253 F.3d 1011, 1015 (7th Cir. 2001), *quoting Central States, Southeast and Southwest Areas Pension Fund v. Ditello*, 974 F.2d 887, 888 (7th Cir. 1992). If the employer seeks to dispute the liability assessment, the employer must ask the plan to review the assessment and set forth the reasons for disputing the assessment. ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2); *Central States, Southeast and Southwest Areas Pension Fund v. Slotky*, 956 F.2d 1369, 1371 (7th Cir. 1992), *cert. denied*, 511 U.S. 1018 (1994) (*Slotky*).

4

The employer must request a review no later than ninety days after the notice and demand. ERISA § 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A). If the employer is dissatisfied with the plan's response, or if the plan is unresponsive, the employer may demand arbitration. ERISA § 4221(a)(1), 29 U.S.C. § 1401(a)(1); *Slotky*, 956 F.2d at 1371. The employer must initiate arbitration within 60 days after the earlier of (a) the date it is notified of the decision or (b) 120 days after the date of the request to review. ERISA § 1401(a)(1), 29 U.S.C. § 4221(a)(1).

If the employer does not initiate arbitration, ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1) holds that "the amounts demanded by the plan sponsor under 1399(b)(1) of this title shall be due and owing on the schedule set forth by the plan sponsor." The MPPAA requires an employer to arbitrate any challenges to its withdrawal liability. *Banner Industries, Inc. v. Central States, Southeast and Southwest Areas Pension Fund*, 875 F.2d 1285, 1293 (7th Cir. 1989). By failing to arbitrate, an employer waives its defenses to withdrawal liability. *Robbins v. Admiral Merchants Motor Freight, Inc.*, 846 F.2d 1054, 1057 (7th Cir. 1988). Once the employer defaults on any payment pursuant to the plan's schedule, the total remaining payments may be accelerated. ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5); *Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. Century Motor Freight, Inc.*, 125 F.3d 526, 533 (7th Cir. 1997).

Withdrawal liability is appropriately imposed upon Acme if it is established (1) that the Fund was a multiemployer plan and that Acme was an "employer" under the MPPAA; (2) that Acme received notice of a withdrawal liability assessment against it; and (3) that Acme failed to initiate arbitration, as required by the MPPAA. *Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) Pension Fund v. El Paso CGP Co., et. al.*, 2006 WL 1037152, at *4 (N.D. Ill. 2006).

The parties do not contest the Fund's status as a multiemployer plan. Additionally, Acme is an "employer" as defined by the MPPAA. The Seventh Circuit has defined "employer" under the MPPAA as an entity that has contractual obligations to contribute to a pension plan "either as a direct employer or in the interest of an employer of the plan's participants." *Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc.*, 85 F.3d 1282, 1287 (7th Cir. 1996) (*Central Transport*). It is undisputed that Acme is contractually obligated to contribute to the pension plan under the CBAs it entered into with the Fund. Thus, the party "who is signatory to a contract creating the obligation to contribute is the 'employer' for purposes of establishing liability." *Central Transport*, 85 F.3d at 1287, *citing Rheem Mfg. Co. v. Central States Southeast and Southwest Areas Pension Fund*, 63 F.3d 703, 707 (8th Cir. 1995); *see also Central States Southeast and Southwest Areas Pension Fund v. Progressive Driver Services, Inc.*, 940 F. Supp. 1311, 1315 (N.D. Ill. 1996) (holding that a party being a signatory to a collective bargaining agreement was sufficient to make a party an MPPAA employer subject to withdrawal liability). As such, the undisputed facts of this case are sufficient to hold Acme as an "employer" under the MPPAA. Next, Acme does not contest that it received notice of the withdrawal liability assessment by a date no later than December 1, 2005. Acme, having received the Fund's notice and demand of their withdrawal liability, was required to request a review of the Fund's determination within ninety days. It is undisputed, however, that Acme did not do so at any time prior to February 5, 2007. Assuming *arguendo*, that the Fund did not respond to this request (had it been made by Acme), Acme was required to initiate arbitration within 120 days of its request. This deadline for initiating arbitration would have been during early June 2006. It is undisputed that Acme did not initiate arbitration at any time prior to

February 5, 2007. There is no genuine issue of fact as to whether Acme failed to initiate arbitration within the statutory deadline. The amount of withdrawal liability was already "due and owing" by mid-2006. ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1).

In sum, it is undisputed that the Fund was a multiemployer plan. Moreover, there is no genuine issue of material fact as to whether Acme was an "employer" for the purposes of the MPPAA. Finally, it is undisputed that the Fund notified Acme of its withdrawal liability in accordance with the statute and that Acme failed to initiate arbitration. Accordingly, the Fund's Motion for Summary Judgment is granted.

Because Acme is in "default" within the meaning of ERISA § 4219(c)(5), 29 U.S.C. 1399(c)(5), the withdrawal liability is accelerated and immediately due and owing. *Central States, Southeast and Southwest Areas Pension Fund, et al. v. Basic American Industries, Inc., et al.*, 252 F.3d 911, 918 (7th Cir. 2001). Furthermore, the Fund is entitled to interest on the unpaid contributions, liquidated damages, and reasonable attorney's fees and costs. *See* ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2); *Slotky*, 956 F.3d at 1377 (holding that interest, liquidated damages, and attorney's fees are "mandatory add-ons" in successful suits to enforce the MPPAA).

Based on the foregoing reasons, the Fund's Motion for Summary Judgment is granted. The Fund is directed to submit a claim for the total amount due, including a statement of the foregoing amounts with the appropriate supporting documentation, within twenty-one days of this order. Acme may file a response within fourteen days thereafter. The case is continued for status to November 8, 2007, at 9:00 a.m.

Dated: September 10, 2007

JOHN W. DARRAH
United States District Court Judge